# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **NO. 3:25-cr-00001** |
| v. | ) | |
| | ) | **JUDGE CAMPBELL** |
| **SKYLER PHILIPPI** | ) | |

## ORDER

The Court held a status conference on April 23, 2025. Defendant moved to continue the trial currently set for June 3, 2025, and all related deadlines. The Government does not object to the requested continuance. Defendant filed a Waiver of Speedy Trial. (Doc. No. 26).

The request to continue the trial is **GRANTED** and the trial is **CONTINUED** to September 9, 2025. The pretrial conference and all deadlines associated with the June 3, 2025 trial date are rescheduled as set forth in this Order. No additional continuances will be granted absent an extraordinary reason.

The Court will hold a pretrial conference on Monday, August 25, 2025, at 11:00 a.m. All lawyers who will participate in the trial must attend the pretrial conference. Pretrial motions shall be filed by July 29, 2025, and responses filed within 10 days.

The Court concludes that the period of delay occasioned by the granting of the continuance is reasonable and excludable under the Speedy Trial Act, 18 U.S.C. §§ 3161, *et seq.* The Court specifically finds that the interests of justice served by granting the continuance outweigh the interests of the public and Defendant in a speedy trial on the date previous scheduled. 18 U.S.C. § 3161(h)(7)(A),(B). Defendant is likely to be prejudiced if counsel is not adequately prepared for the trial despite due diligence, and the public interest will not be served if such prejudice ultimately requires this case to be retried.

Any plea agreement shall be consummated on or before August 18, 2025, and the

courtroom deputy so notified. If a plea agreement is submitted, the hearing to take the plea will take place on August 25, 2025, at 11:00 a.m. On or before August 26, 2025, the parties shall submit to chambers the proposed plea agreement, and a document that lists the elements of each offense to which Defendant is pleading guilty and the statutory penalty for each, including period of incarceration, fine, and the applicable period of supervised release, and Defendant shall submit a plea petition.

If the case is to be tried, the parties shall file the following on or before August 26, 2025:

1. An agreed set of case specific jury instructions, with citations to supporting authorities.

2. Alternative versions of jury instructions on which there is not an agreement, with citations to supporting authorities.

3. An agreed verdict form or alternative versions.

The parties shall email a Word version of all proposed instructions and verdict forms that are filed to ccampbellchambers@tnmd.uscourts.gov.

All notices under Federal Rule of Evidence 404(b) and expert disclosure pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and (b)(1)(C) shall be provided by July 29, 2025. Motions in limine shall be filed on or before August 19, 2025, and responses shall be filed on or before August 26, 2025.

Any motion to continue the trial shall be filed by August 26, 2025, and any response shall be filed by August 29, 2025. All motions to continue shall be accompanied by a Waiver of Speedy Trial Rights executed by Defendant or shall contain an explanation of why such Waiver is not attached.

The parties are forewarned that motions filed after the deadlines set forth herein may not

be considered by the Court. Counsel for the parties shall comply timely with the discovery and motion provisions of L.Cr.R. 12.01 and 16.01.

Defendant shall attend all court proceedings in this case. If a defendant is in custody, the Government shall take all necessary actions to secure the timely presence of the defendant at all court proceedings. Counsel for Defendant shall make sure street clothes are available timely for Defendant at trial.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE